UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ANGELA DAWN PEREZ DOWLING,

Plaintiff,

-against-

THE PEOPLE OF THE COURT; THE
COURT,

Defendants.

25-CV-10464 (LTS)

TRANSFER ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who resides in Phoenix, Arizona, brings this *pro se* action under the court's

federal question jurisdiction. Named as Defendants are "The People of the Court" and "The

Court." (ECF 1, at 1.)  For the following reasons, the Court transfers this action under 28 U.S.C.

§ 1406 to the United States District Court for the Southern District of Texas.

## DISCUSSION

Under 28 U.S.C. § 1391(b), a civil action may be brought in

(1) a judicial district in which any defendant resides, if all defendants are residents
of the State in which the district is located; (2) a judicial district in which a
substantial part of the events or omissions giving rise to the claim occurred, or a
substantial part of property that is the subject of the action is situated; or (3) if
there is no district in which an action may otherwise be brought as provided in
this section, any judicial district in which any defendant is subject to the court's
personal jurisdiction with respect to such action.

Under Section 1391(c), a "natural person" resides in the district where the person is

domiciled, and an "entity with the capacity to sue and be sued" resides in any judicial district

where it is subject to personal jurisdiction with respect to the civil action in question. *See* 28

U.S.C. § 1391(c)(1), (2).

Plaintiff asserts claims arising from an eviction that occurred in Houston, Harris County,

Texas. She does not plead the residence of any of the defendants, only asserting that the alleged

events giving rise to her claims occurred in Houston, Texas. Because Plaintiff does not allege that any defendant resides in the State of New York, or that the events giving rise to her claims occurred in this district, it is clear that venue is not proper in this Court under Section 1391(b)(1), (2).

Under 28 U.S.C. § 1406, if a plaintiff files a case in the wrong venue, the Court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). Plaintiff's claims arose in Harris County, Texas, which is in the Southern District of Texas. *See* 28 U.S.C. § 124(b). Accordingly, venue lies in the Southern District of Texas, 28 U.S.C. § 1391(b)(2), and in the interest of justice, the Court transfers this action to the United States District Court for the Southern District of Texas, 28 U.S.C. § 1406(a).

### CONCLUSION

The Clerk of Court is directed to transfer this action to the United States District Court for the Southern District of Texas. Whether Plaintiff should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee court. A summons shall not issue from this court. This order closes this case in this court.

The Court certifies, pursuant to 28 U.S.C § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:    January 16, 2026
          New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge

2